THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **GINGER MYERS, ET AL.** | * | **CIVIL ACTION NO. 07-2213** |
| **VERSUS** | * | **JUDGE JAMES** |
| **LINDA LINSCOTT GREGORY, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand[1] filed by plaintiffs Ginger Myers and Keith Myers (Doc. #6). The motion is opposed by defendants Linda Linscott Gregory, Discover Property and Casualty, and Fedex National LTL, Inc. ("Fedex"). (Doc. #10). For the reasons stated below, the motion to remand is **GRANTED**.

## BACKGROUND

The plaintiffs filed suit in Louisiana's 4th Judicial District Court, Ouachita Parish, on November 29, 2007, alleging injuries and damages arising from a "very severe" collision between the plaintiff's mini-van and a Fedex truck (Doc.#1-1, paragraph 4). In consecutive paragraphs in the state court petition, the plaintiffs stated that

> 9.
> Petitioners show that for the above and foregoing reasons, defendants are liable to [the plaintiffs] for their injuries which **may include pain and suffering, mental anguish, medical expenses past and future, permanent disabilities, loss of earnings**

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

> **and earning capacity, loss of enjoyment of life, loss of consortium and other items of special damages**.
> 10.
> Petitioners desire and are entitled to judgement herein against defendants in a reasonable amount to be determined by this Honorable Court for their **damages** which **do not exceed $75,000.00**.

(Doc. #1-1) (emphasis added).

The defendants filed a notice of removal (Doc. #1) on December 28, 2007. The defendants contend that they drafted the notice of removal "[o]ut of an abundance of caution" based on their belief that paragraphs 9 and 10 of the petition "are contradictory and render the statement regarding damages vague." (Doc. #10). In the instant motion, the plaintiffs seek remand as well as attorneys fees and costs associated with the removal. (Doc. #6).

## LAW AND ANALYSIS

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see* 28 U.S.C. § 1441(a). "The removing party bears the burden of showing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). To determine whether jurisdiction is present, courts consider "the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723 (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

In this case, the defendants asserted federal jurisdiction on the basis of diversity jurisdiction, which requires complete diversity of citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). The plaintiffs concede diversity of the parties; they

dispute the defendants' contention that the amount in controversy requirement is met. Specifically, the plaintiffs point to their Louisiana state court petition, in which they indicated that their damages did not exceed $75,000.[2]  (Doc. #1, ¶ 10).

The defendants bear the burden of showing, by a preponderance of the evidence, that the amount in controversy actually exceeds $75,000. *De Aguilar*, 47 F.3d at 1408, 1412.  Should the defendants fail to meet this burden, the motion to remand must be granted. *Id.* at 1412.  To meet the burden, "the defendant [must] do more [than] point to a state law that *might* allow the plaintiff to recover more than what is pled.  The defendant must produce evidence" showing the amount in controversy actually exceeds $75,000. *Id.*  This burden can also be satisfied if it is "facially apparent" that the damages exceed $75,000. *See id.*

In this case, the defendants have produced no interrogatory responses, medical expenses, settlement demands, or other affirmative evidence showing the amount in controversy exceeds $75,000.  Instead, they contend that since paragraphs 9 and 10 of the petition contradict one another, the statement regarding damages is rendered vague.[3]  Due to the resulting vagueness, the defendants argue, they had to remove in order to "in order to protect their right to do so." (Doc. #10).

This argument is incorrect.  The defendants would forfeit their ability to remove only if the petition "affirmatively reveal[ed] on its face that the plaintiff[s are] seeking damages in excess of the minimum jurisdictional amount." *Chapman v. Powermatic, Inc.*, 969 F.2d 160,

---

[2] Louisiana law generally prohibits a plaintiff from alleging or demanding a specific dollar amount of damages. LA. CODE CIV. PROC. ANN. art. 893(A)(1).  However, Article 893 specifically allows plaintiffs to indicate when their damages will be less than the amount required for federal jurisdiction.

[3] The defendants contend that the language in paragraph 9 indicates that damages will exceed $75,000, while paragraph 10 expressly states that they will not.  (*See* Doc. #1-1).

163 (5th Cir. 1992). The defendants do not argue, however, that the petition meets that standard. Instead, they rely on the allegations of paragraph 9, and their contention that "the statement regarding damages [is] vague." (Doc. #10). As stated above, "ambiguities are construed against removal." *Manguno*, 276 F.3d at 723. While the face of a plaintiff's pleading alleging damages below the federal jurisdictional amount will not control if the removing party meets its burden of proving that the amount in controversy is sufficient, in this case, no such showing has been made.

The defendants contend that removal is proper simply because the petition is ambiguous and they were "entitled to a Stipulation that plaintiffs' damages do not exceed $75,000 each," but the plaintiffs refused to provide same (Doc. #10). The defendants have cited no authority supporting this argument, nor has the undersigned located any authority supporting the argument that a plaintiff's refusal to sign a binding stipulation creates federal jurisdiction in cases in which the petition itself is ambiguous. While the plaintiffs certainly had the option of signing a binding stipulation to prevent removal, their refusal to do so does not suffice to meet the defendant's burden of proof. *See generally De Aguilar*, 47 F.3d at 1412 and *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (explaining that if a defendant meets its preponderance burden, a plaintiff can still secure remand by showing that he filed a binding stipulation or affidavit with his original complaint. Once the defendant has removed, later filings are irrelevant, unless used to clarify an ambiguous petition). The defendants contend that to "remand this suit . . . without the Stipulation or a declaration from this Honorable Court would deprive defendants of their right to remove this matter if more than one year had passed since defendants were first notified of the lawsuit." (Doc. #1-1).

This argument clashes with Fifth Circuit jurisprudence. In *Tedford v. Warner-Lambert Co.*, the Fifth Circuit held that "Section 1446(b) is not inflexible, and the conduct of the parties

4

may affect whether it is equitable to strictly apply the one-year limit." 327 F.3d 423, 426 (5th Cir. 2003). Moreover, the court's opinion in *De Aguilar*, read in conjunction with *Tedford*, indicates that equitable relief might be available should the plaintiffs wait for the year to elapse before alleging damages in excess of $75,000. 47 F.3d at 1410 ("plaintiffs . . . may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading. Such manipulation is surely characterized as bad faith."). Finally, the stated risk that the plaintiffs might someday amend the petition does not, on its own, allow the defendants to meet their burden. *See De Aguilar*, 47 F.3d at 1408, 1412. Thus, even if the defendants' concerns turn out to be entirely valid, the motion to remand must be granted. Accordingly, this court **GRANTS** the instant motion to remand while noting that the defendants, depending on the circumstances, may be free to remove the case at a later date.

This court **DECLINES TO AWARD** costs and expenses under § 28 U.S.C.S. § 1447, finding that the defendants may have had "objectively reasonable grounds to believe the removal was legally proper." *C.f. Wise v. Bayer*, 281 F. Supp. 2d 878, 884-85 (W.D.La. 2003) (holding that the state court complaint was "sufficiently definite on its face" to establish that the amount in controversy exceeded $75,000, despite the plaintiff's averment within the complaint that "the amount of damages being sought is less than $50,000."). **THUS DONE AND SIGNED** this 29th day of January, 2008, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE